- No. 26,526.

THE STATE OF KANSAS, *Appellee*, v. A. F. WOODMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Prosecution—Instructions.* Defendant was charged in the third count of an information with unlawful possession of intoxicating liquor, and in the fifth count with unlawfully permitting another named person to have intoxicating liquor on his premises. The court correctly instructed the jury as to what constituted unlawful possession, and that they could not find defendant guilty on the third count unless they were satisfied from the evidence beyond a reasonable doubt that defendant had possession, as so defined, of intoxicating liquor. The court also instructed that "as applicable to the fifth count" that the proprietor of a place of business is not criminally liable for the act of another who surreptitiously brings intoxicating liquor upon his premises without his knowledge. *Held,* the making of the last mentioned instruction "applicable to the fifth count" was not erroneous in view of the former instructions given.

2. SAME—*Unlawful Possession—Evidence.* When one is charged with the violation of the intoxicating liquor law, upon an information charging in one count unlawful possession and in another count an unlawful sale, and a witness testifies that defendant sold him liquor from a container which defendant had in his possession at his place of business, the fact that the verdict was not guilty on the sales count does not justify this court in excluding the entire evidence concerning that transaction when considering whether the evidence is sufficient to sustain a verdict of guilty on count charging unlawful possession. The jury may have believed from this evidence that defendant had possession of the liquor, but entertained a reasonable doubt as to whether a sale had been completed.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed November 7, 1925. Affirmed.

*R. P. Evans* and *George Clammer,* both of Manhattan, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Walter Reed Gage,* county attorney, and *Alvin R. Springer,* of Manhattan, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Defendant was prosecuted for the violation of the prohibitory liquor law upon an information containing six counts. The first and sixth counts charged nuisances, the second and fourth counts charged sales, the third count charged defendant with unlawful possession, and the fifth count charged that he unlawfully

---

1. Intoxicating Liquors, 33 C. J. § 547.   2. Id., 33 C. J. § 505.

permitted another named person to keep liquor upon his premises. The jury returned a verdict of guilty upon the third count and not guilty on each of the other counts. Defendant has appealed, and complains of the instructions. Among others, the court gave the following instructions:

"No. 6. You are instructed that the word 'possession,' as used in the statutes above quoted and in the information in this case, means that the defendant had some right to, control over, or ownership in such liquor; or that he claimed to have some right to, control over or ownership in-such liquor.

"No. 11. You are further instructed that if you shall find and believe from the evidence in this case beyond a reasonable doubt, that on or about the 11th day of November, 1924, in the county of Riley and the state of Kansas, one A. F. Woodman, then and there being, did then and there unlawfully have in his possession for his personal use or otherwise, intoxicating liquors, as charged in the third count of the amended information, then and in that event it would be your duty to find the defendant guilty as charged in the third count of said information. On the other hand, if you do not so find and believe from the evidence beyond a reasonable doubt, then and in that event it would be your duty to find the defendant not guilty as charged in the third count of said information."

Defendant requested the following instruction:

"1. You are instructed that the proprietor conducting a place of business is not criminally responsible for the illegal possession of intoxicating liquor surreptitiously brought into his place of business by another without the proprietor's authority, knowledge, or consent, and that even though you should find from the evidence beyond a reasonable doubt that intoxicating liquor was found at the time set out in the information in the garage operated by the defendant, before you can find the defendant guilty of the offense charged you must be able to find further beyond a reasonable doubt that the intoxicating liquor so found was there kept with the defendant's authority, knowledge, or consent."

This requested instruction was given substantially as requested, but "as applicable to the fifth count" of the information. The complaint in this court is that the trial court should not have limited it to the fifth count. It is argued that the proposition of law therein stated is applicable to the third count as well as to the fifth. There would be some merit in appellant's contention if there were no other instructions specifically applicable to the third count, but in the instructions as to the third count the court correctly defined "possession" and the duty of the jury in considering the evidence pertaining thereto. Under those instructions it would be impossible for the jury to find the defendant guilty of the third count because some third person surreptitiously, and without the knowledge of the de-

fendant, brought liquor upon his premises; hence the point urged by appellant is not well taken.

It is next contended that there is not sufficient evidence to support the verdict of guilty on the third count. Appellant's abstract omits a part of the evidence on that matter. A witness testified that he went to defendant's place of business to buy liquor, that defendant personally waited upon him, that defendant had a gallon can containing liquor in his possession from which he sold the witness a bottle of liquor. This was one of the sales charged, and because defendant was not convicted of that sale, appellant evidently deems the evidence of no value for any purpose. But this is not a correct interpretation of the evidence. The jury may have believed that defendant had possession of the liquor, as testified to by this witness, but not have believed that a sale was completed. The officers at the time of the arrest, being authorized by a search warrant, searched defendant's premises and found a gallon can with some liquor in it. Defendant, in talking with the county attorney at that time, while denying any knowledge of how the liquor came to be there, stated in substance that if the county attorney would go away for a few minutes, leaving the can of liquor, he would dispose of it in such a way that no one could ever tell that it had liquor in it. This indicates that defendant assumed to have authority to destroy the liquor, which is some evidence of his possession.

The judgment of the court below is affirmed.